**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION | MDL No. 2641 |
| This Order Relates to: | |
| Wayne Ruden, | No. CV-16-00344-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| C.R. Bard, Inc., et al., | |
| Defendants. | |

This case was originally filed in California state court, and Defendants removed it to federal court. Plaintiff Wayne Ruden has filed a motion to remand under 28 U.S.C. § 1447(c). Doc. 603. The motion is fully briefed. Docs. 887; 993. Defendant Sutter West Bay Hospitals, d/b/a California Pacific Medical Center ("CPMC"), has moved to dismiss Plaintiff's claims under to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, or, in the alternative, to remand to California state court under 28 U.S.C. § 1447(c). Doc. 870. The motion is fully briefed. Docs. 894; 995; 1076. The parties' requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court will grant Plaintiff's and CPMC's motions to remand and allow the state court to rule on CPMC's motion to dismiss.

## I. Background.

The allegations of Plaintiff's complaint are taken as true for purposes of this motion. Plaintiff Wayne Ruden is a resident of California. Doc 994-2 at 3, ¶ 3. Defendant C.R. Bard, Inc. is a corporation organized under the laws of Delaware with a principal place of business in New Jersey. *Id.* at 4, ¶ 7. Defendant Bard Peripheral Vascular, Inc. is a wholly-owned subsidiary of C.R. Bard, Inc. with a principal place of business in Arizona. *Id.* at 5, ¶ 8. Defendant CPMC is a general medical and surgical hospital with a principal place of business in California. *Id.*, ¶ 9.

In March 2004, Plaintiff had a Bard Recovery Filter ("Filter") implanted in his inferior vena cava at one of CPMC's facilities in San Francisco, California. *Id.* at 5, ¶ 9; 10, ¶ 31. In March 2015, Plaintiff learned that the Filter had fractured, "causing the embolization of two arm fragments into the proximal right pulmonary arteries, and the embolization of one fractured arm fragment into the right atrium of his heart." *Id.* at 10, ¶ 31. Plaintiff explored whether the fragments could be surgically removed, but experts at Stanford University refused to perform the procedure because it was too risky. Doc. 603 at 7. As a result, Plaintiff must undergo regular medical monitoring. Doc. 994-2 at 10, ¶¶ 31, 33.

On October 7, 2015, Plaintiff filed this action against Defendants C.R. Bard, Inc., Bard Peripheral Vascular, Inc., and CPMC in San Francisco County Superior Court. *See* Doc. 994-2 at 2-28. On November 12, 2015, C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") removed the case to federal court in the Northern District of California.[1] *See* Doc. 604-3 at 2-13. Following removal, Plaintiff filed a first amended complaint. *See* Doc. 994-1 at 2-30. On February 4, 2016, the United States

---

[1] CPMC had not yet been served when Bard filed its notice of removal. *See* Doc. 604-3 at 4, ¶ 10. CPMC therefore was not an impediment to removal. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves.") (citation omitted).

- 2 -

1  Judicial Panel on Multidistrict Litigation transferred Plaintiff's case from the Northern
2  District of California to this Court for inclusion in MDL No. 2641. *See* Doc. 562 at 3.[2]

## II. Legal Standard.

A civil case brought in state court may be removed to the federal court in the district where the action is pending if the federal district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Removal based on diversity jurisdiction is not proper if diversity is lacking or "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2), but "fraudulently joined defendants will not defeat removal on diversity grounds," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted). Section 1441 is to be strictly construed against removal. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). This "strong presumption" against removal "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Federal jurisdiction must be rejected, and the case remanded to state court, "if there is any doubt as to the right of removal in the first instance." *Id.*; *see* 28 U.S.C. § 1447(c).

## III. Analysis.

### A. Plaintiff's Motion to Remand.

Plaintiff presents three arguments for why remand to California state court is appropriate: (1) removal was not proper because Defendant CPMC did not consent to removal; (2) the Ninth Circuit has not recognized the doctrine of fraudulent misjoinder, and, even if it were valid, the doctrine would not apply in this case; and (3) CPMC is a non-severable, indispensable party that is not diverse. Plaintiff seeks to recover

---

[2] Prior to the transfer order, Plaintiff made the same arguments to the Panel that he makes in his motion to remand. *See* Doc. 562 at 1 ("In support of the motions to vacate, plaintiffs argue that the federal courts lack subject matter jurisdiction over these actions, and transfer will be inconvenient and prejudicial for them."). The Panel transferred the case for inclusion in the MDL without precluding Plaintiff from making the arguments to this Court. *See id.* ("The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present these arguments to the transferee judge.").

attorneys' fees should the Court conclude that Bard's removal was improper. The Court will consider Plaintiff's fraudulent misjoinder argument first.

### 1.  Fraudulent Joinder.

The doctrine of fraudulent joinder[3] provides a helpful reference point for understanding the doctrine of fraudulent misjoinder. It is well-settled that "[f]ederal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the [f]ederal courts of the protection of their rights in those tribunals." *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906). Fraudulent joinder and fraudulent misjoinder have been developed to carry out this mandate.

In the Ninth Circuit, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quotation marks, alterations, and citation omitted). Thus, "the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant," without requiring a finding of subjective fraudulent intent by the plaintiff. *Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999) (quotation marks and citation omitted).

District courts in the Ninth Circuit have noted that "[t]he problem with the fraudulent joinder inquiry is that the Court must consider the validity of a claim that defeats diversity, a claim over which the Court has no jurisdiction." *Id.* "Only by considering the merits of the non-diverse claim can the Court be assured of jurisdiction over any of the claims in the case." *Id.* "The Court must therefore walk a very fine line: it must consider the merits of a matter without assuming jurisdiction over it." *Id.* To

---

[3] In its broadest sense, the term "fraudulent joinder" encompasses three related but distinct concepts: (1) fraudulent joinder, (2) fraudulent misjoinder, and (3) outright fraud by the plaintiff in setting out factual allegations to establish or thwart jurisdiction. *See* 14B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3723 (4th ed. 2015). Because there have been no allegations of outright fraud in this case, the third concept is not relevant. Thus, to distinguish it from fraudulent misjoinder, the term "fraudulent joinder" will refer only to the narrower concept, and not the umbrella term.

accommodate this balancing act, courts have noted that "some room must exist between the standard for dismissal under Rule 12(b)(6), for example, and a finding of fraudulent joinder." *Id.* at 1115. To constitute fraudulent joinder, claims against the non-diverse party must not only be unsuccessful, they must be untenable from the beginning. *Id.* The *Davis* case concluded that Rule 11 of the Federal Rules of Civil Procedure provides an appropriate standard. *Id.* Under Rule 11, "a party whose claim is not frivolous may legitimately present that claim to an appropriate court to have the claim considered." *Id.* "The fact that the party may lose or even the fact that the party will probably lose does not affect the party's right to present its claim, make its arguments, and receive a ruling from a court with proper jurisdiction." *Id.*

Thus, even "where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court." *Ballesteros v. Am. Standard Ins. Co. of Wisc.*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006) (quoting *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944)). Indeed, even a "'glimmer of hope' that plaintiff can establish [the] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999)). This fraudulent joinder standard based on Rule 11 has been cited with approval throughout the Ninth Circuit. *See Mirchandani v. BMO Harris Bank NA*, No. CV11-02286-PHX-GMS, 2011 WL 6019311, at \*3 (D. Ariz. Dec. 5, 2011); *Bellecci v. GTE Sprint Commc'ns Corp.*, No. C-02-03974-WHA, 2003 WL 151538, at \*3 (N.D. Cal. Jan. 14, 2003); *see also Jennings-Frye v. NYK Logistics Americas Inc.*, No. 2:10-cv-09737-JHN-EX, 2011 WL 642653, at \*3 (C.D. Cal. Feb. 11, 2011); *Lujan v. Girardi & Keese*, No. CV09-00017, 2009 WL 5216906, at \*6 (D. Guam Dec. 29, 2009).

### 2.     Fraudulent Misjoinder.

The doctrine of fraudulent misjoinder, or procedural misjoinder, was first recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d

1069 (11th Cir. 2000).  In that case, an Alabama resident filed a class action lawsuit in Alabama state court against four defendants, one of which resided in Alabama.  The statutory and common law fraud claims in the original complaint and the first amended complaint involved only the sale of service contracts in connection with automobile sales. *Id.* at 1355.  The second amended complaint added parties as well as statutory and common law fraud claims relating to the sale of extended service contracts in connection with the sale of retail goods from Lowe's, a resident of North Carolina.  *Id.*  Lowe's filed a notice of removal based on diversity jurisdiction and a motion to sever the retail goods class from the automobile class.  *Id.*  The federal district court granted the motion to sever and remanded the automobile class to Alabama state court.  *Id.*  Plaintiffs appealed.  *Id.* at 1355-56.

The Eleventh Circuit affirmed.  *Id.* at 1360.  The court noted that Lowe's had been joined solely through Rule 20 of the Federal Rules of Civil Procedure, which requires: "(1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact."  *Id.* (citing Fed. R. Civ. P. 20(a)).  The court found no allegations of joint liability or any allegation of a conspiracy between the defendants; instead, the court found two sets of claims that were wholly distinct from one another. *Id.*  The court concluded that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action."  *Id.* The court concluded that there was "no real connection" between the automobile class and the retail goods class.  *Id.*  The court held that "the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder."  *Id.*  The court qualified that "mere misjoinder" does not constitute fraudulent misjoinder; instead, it requires conduct that is "so egregious as to constitute fraudulent joinder."  *Id.*

*Tapscott* has not been widely followed.  Three circuits, including the Ninth, have declined to adopt the doctrine when presented with the opportunity.  *See Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 F. App'x 727, 729 (9th Cir. 2001)

1  (unpublished) ("The Eleventh Circuit has recognized the additional theory of egregious
2  misjoinder, where the claims of non-diverse plaintiffs have no real connection or nexus to
3  the claims of the diverse plaintiffs. For purposes of discussion we will assume, without
4  deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder
5  as applied to plaintiffs.") (citing *Tapscott*, 77 F.3d 1353); *In re Prempro Prods. Liab.
6  Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) ("The Eighth Circuit Court of Appeals has not
7  yet considered the fraudulent misjoinder doctrine. We make no judgment on the
8  propriety of the doctrine in this case, and decline to either adopt or reject it at this time.")
9  (citation omitted); *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th
10 Cir. 2010) (unpublished) ("There may be many good reasons to adopt procedural
11 misjoinder . . . . But we need not decide that issue today, because the record before us
12 does not show that adopting the doctrine would change the result in this case."). The
13 Fifth Circuit has cited *Tapscott* with approval, while stopping short of fully adopting
14 fraudulent misjoinder. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir.
15 2002) ("Thus, without detracting from the force of the *Tapscott* principle that fraudulent
16 misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants
17 to circumvent diversity jurisdiction, we do not reach its application in this case."); *see
18 also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 n.5 (5th Cir. 2006). The
19 remaining circuits have not yet addressed this issue.

20 District courts in the Ninth Circuit have come to different conclusions. At least
21 four published cases have addressed the doctrine of fraudulent misjoinder, with varying
22 outcomes. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503-05 (E.D. Cal. 2008) (severing
23 and remanding claims against non-diverse parties based on doctrine of fraudulent
24 misjoinder); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-85 (D. Nev. 2004) (same);
25 *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1126-28 (E.D. Cal. 2004)
26 (declining to apply doctrine of fraudulent misjoinder); *Brazina v. Paul Revere Life Ins.
27 Co.*, 271 F. Supp. 2d 1163, 1171-72 (N.D. Cal. 2003) (same). The Court need not cast a
28 vote in this debate today. Even assuming the doctrine of fraudulent misjoinder applies,

the Court finds that CPMC was not fraudulently misjoined and that removal was therefore improper.

### 3. Analysis.

In applying the doctrine of fraudulent misjoinder, the first issue is whether the federal or state standard for joinder should be used. In some cases, a state's permissive joinder rule will be interpreted identically to Federal Rule of Civil Procedure 20, in which case the choice is not determinative. But California's permissive joinder rule is broader than Rule 20. *See Osborn*, 341 F. Supp. 2d at 1128 ("In states such as California, however, the state's rule permitting joinder is broader than the federal rule."); *compare* Fed. R. Civ. P. 20, *with* Cal. Civ. Code § 379.

In their briefs, the parties address only the federal joinder rule. *See* Docs. 603 at 15-16; 887 at 7-10; 993 at 10. Although there is no consensus on which standard to employ, the majority view appears to be that the state joinder rule should be utilized. *See* E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 591 (2006) ("While a minority of district courts evaluate allegations of fraudulent misjoinder pursuant to the federal joinder rule, most evaluate such allegations by reference to the state joinder rule."). This makes sense. For purposes of fraudulent misjoinder, the Court must determine whether a diversity-defeating party was properly joined while the case resided in state court and was governed by state procedural rules. If the party was properly joined there, complete diversity of citizenship is lacking here, and the Court cannot exercise subject matter jurisdiction. Federal Rule of Civil Procedure 20 never applies in such a case.[4]

Under California's permissive joinder statute, a plaintiff may join a defendant based on "[a]ny right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences

---

[4] The Supreme Court has instructed that a valid rule promulgated under the Rules Enabling Act is to be applied by the federal courts in diversity actions, *Hanna v. Plumer*, 380 U.S. 460, 465 (1965), but this instruction applies to cases where diversity jurisdiction clearly exists. In this case, the Court is asked to determine whether a pre-removal joinder in state court was proper and sufficient to defeat diversity jurisdiction.

and if any question of law or fact common to all these persons will arise in the action." Cal. Civ. Code § 379(a)(1). Each defendant need not be "interested as to every cause of action or as to all relief prayed for." *Id.* § 379(b). "Where the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties." *Id.* § 379(c).

The Court finds instructive the case of *N.C. ex rel. Jones v. Pfizer, Inc.*, No. C-12-00531-WHA, 2012 WL 1029518 (N.D. Cal. Mar. 26, 2012).[5] In that case, the plaintiff brought a number of claims against several defendants, including a medical negligence claim against the healthcare providers involved with administering the drug at issue, and products liability, negligence, and negligent misrepresentation claims against the drug manufacturers. *Id.* at *1. The district court considered whether the drug manufacturers and the healthcare providers, including the hospital where the drug was administered, were properly joined under California's joinder statute, California Civil Code § 379. *Id.* at *2. The court rejected the drug manufacturers' fraudulent misjoinder argument, finding that "it cannot be said that there is 'no real connection' between the claims asserted against defendants" because "certain claims are based on theories of strict liability and negligence for the manufacture of the drug, and others are based on theories of negligent administration of the drug."[6] *Id.* at *4. The Court found that the "claims for relief asserted against all defendants [were] premised on the harmful effects produced by the drug" at issue, which connected the claims sufficiently to permit permissive joinder.

---

[5] Because an MDL transferee court applies the substantive law of the transferor forum, the Court applies the fraudulent misjoinder case law of the Northern District of California. *In re Zicam Cold Remedy Mktg., Sales Practices, and Prods. Liab. Litig.*, 797 F. Supp. 2d. 940, 941 (D. Ariz. 2011) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 525 (1990)).

[6] Under California Code of Civil Procedure § 379, courts have found that there is no real connection between claims when there is essentially no overlap between the claims. *See Gonzalez v. Eggo Co., Inc.*, No. C-12-02955-RMW, 2013 WL 557224, at *3 (N.D. Cal. Feb. 13, 2013) ("There is essentially no overlap between the product liability claims and the employment claims. None of the defendants is a defendant in both types of claims. The product liability defendants and [the employment defendant] were improperly joined under California Code of Civil Procedure § 379[.]").

*Id.* The court found no egregious misjoinder and remanded the case to state court. *Id.*

Other Northern District of California cases are in accord. *See, e.g.*, *Lopez v. Pfeffer*, No. CV13-03341-NC, 2013 WL 5367723, at *4-5 (N.D. Cal. Sept. 25, 2013) ("The Eleventh Circuit in *Tapscott* found that misjoinder of a diverse defendant occurred only where 'the diverse defendant has no real connection to the claim against the nondiverse defendant' and the joinder is not 'mere misjoinder' but rather is 'so egregious as to constitute fraudulent joinder.' *Tapscott*, 77 F.3d at 1360. [Defendant's] argument that there is no real connection between the pelvic mesh manufacturers and the doctor and medical group that implanted that pelvic mesh is without merit.") (citations omitted); *Watson v. Gish*, No. C-10-03770-SBA, 2011 WL 2160924, at *3-4 (N.D. Cal. June 1, 2011) ("To the contrary, there is only one plaintiff whose claims arise from adverse reactions she suffered allegedly as a result the Healthcare Defendants' administration of a medication produced by fellow defendant Novartis.  Though there may be some factual and legal issues that may bear uniquely upon each Defendant's liability, it is readily apparent that an interrelationship exists between the Defendants in this case that was absent in *Tapscott*.").

In fact, no court in the Northern District of California has applied fraudulent misjoinder and concluded that removal to federal court was proper. *Brazina*, 271 F. Supp. 2d at 1171-72; *J.T. Assocs., LLC v. Fairfield Dev., L.P.*, No. CV15-04913, 2016 WL 1252612, at *2-4 (N.D. Cal. Mar. 31, 2016); *Jurin v. Transamerica Life Ins. Co.*, No. C-14-02882-LB, 2014 WL 4364901, at *3-4 (N.D. Cal. Sept. 3, 2014); *Carper v. Acknowledge, Inc.*, No. CV13-03921-JST, 2013 WL 5954898, at *3-5 (N.D. Cal. Nov. 6, 2013); *Caouette v. Bristol-Meyers Squibb Co.*, No. C-12-01814-EMC, 2012 WL 3283858, at *5-7 (N.D. Cal. Aug. 10, 2012); *Sturm v. United Servs. Auto. Ass'n*, No. C-12-01810-WHA, 2012 WL 2135356, at *5-7 (N.D. Cal. June 12, 2012); *Thakor v. Burlington Ins. Co.*, No. C-09-01465-SBA, 2009 WL 1974511, at *4-5 (N.D. Cal. July 8, 2009); *Lam v. Mid-Century Ins. Co.*, No. C-08-04413-SI, 2008 WL 5120052, at *2-3 (N.D. Cal. Dec. 3, 2008); *HVAC Sales v. Zurich Am. Ins. Grp.*, No. C-04-03615-RMW,

2005 WL 2216950, at *6 (N.D. Cal. July 25, 2005).

The Court concludes that Plaintiff had a reasonable, non-frivolous basis for joining CPMC.[7] Plaintiff's claims center on the Filter implanted in his inferior vena cava. The Filter was manufactured by Bard and implanted at CPMC's facility. Plaintiff asserts the following claims: (1) negligence against Bard; (2) negligence against CPMC; (3) several strict products liability claims against Bard; (4) negligent misrepresentation against Bard and CPMC; (5) breach of fiduciary duty against CPMC; and (6) negligence for failing to recall or retrofit the Filter against Bard and CPMC. *See* Doc. 994-1 at 15-28. Two different claims involve both Bard and CPMC – negligent misrepresentation and negligent failure to recall or retrofit the Filter. Analyzing, for example, the negligent misrepresentation claim, Plaintiff has a reasonable, non-frivolous basis for bringing this claim against both Bard and CPMC. This claim involves alleged misrepresentations and omissions involving the Filter's safety, efficacy, rate of failure, and approved uses. *Id.* at 23-24. Plaintiff's allegations involve either joint or alternative liability, which satisfies the first part of California Civil Code § 379(a)(1). Furthermore, this claim arises out of the "same transaction, occurrence, or series of transactions or occurrences" because the resolution of this issue shares common facts with other claims, including whether there

---

[7] Bard argues that Plaintiff's original complaint is the operative pleading for removal analysis, and that the Court may not consider Plaintiff's first amended complaint. *See* Doc. 887 at 3-5. It is true that removal "[j]urisdiction under 28 U.S.C. § 1441 depends solely on the complaint filed in state court, irrespective of post-removal amendments." *Addington v. Bradford*, No. CV08-01728-PHX-NVW, 2008 WL 4999163, at *1 (D. Ariz. Nov. 21, 2008) (citing *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006)). But the Court is not conducting garden-variety removal analysis based solely on the terms of Plaintiff's complaint. If it were, removal would be improper because complete diversity is lacking in the original complaint. The Court instead must determine whether CPMC could properly be joined under California's permissive joinder statute, even if the allegations in Plaintiff's original complaint fall short of that statute's standard. In California, plaintiffs are permitted leave to amend a complaint that insufficiently alleges facts to establish permissive joinder. *Landau v. Salam*, 4 Cal. 3d 901, 905 (1971) ("We have concluded that plaintiff's complaint envisions a joinder permitted by [Cal. Civ. Code § 379(c)], and thus that the superior court should not have sustained respondents' demurrer without leave to amend."); *Umamoto v. Insphere Ins. Solutions, Inc.*, No. CV13-00475-LHK, 2013 WL 2084475, at *5 (N.D. Cal. May 14, 2013) (remanding case to California state court based on fraudulent joinder where the Superior Court would likely grant plaintiff leave to amend). The Court therefore will consider Plaintiff's first amended complaint in resolving the joinder issue.

1  was a design defect and whether Bard failed to warn Plaintiff of the Filter's dangers.
2  Because there is a factual relationship, this claim arises out of the same transaction,
3  occurrence, or series of transactions or occurrences. *Petersen v. Bank of Am*, 232 Cal.
4  App. 4th 238, 249-50 (2014) ("The requirement that the right to relief arise from the
5  'same transaction or series of transactions' is construed broadly. It is sufficient if there is
6  *any factual relationship* between the claims joined (and this tends to merge with the
7  'common question' requirement, below).") (emphasis in original; citations omitted). This
8  factual relationship satisfies the second part of California Civil Code § 379(a)(1). With
9  this claim sufficient to support the permissive joinder of CPMC, there is no need to
10 analyze any other claims. Cal. Civ. Code § 379(b) ("It is not necessary that each
11 defendant be interested as to every cause of action or as to all relief prayed for.").

12 This case is unlike those where fraudulent misjoinder applied. In *Tapscott*, for
13 example, the claims all involved violation of the same state statute, but differed in
14 virtually every other respect. The two classes of claims had no facts in common; one
15 involved automobile service contracts, the other retail goods service contracts; and the
16 two classes had no parties in common. The court concluded that joining the claims
17 against the retail goods class with those against the automobile class was done solely to
18 prevent the retail goods class from being removed to federal court. Given Plaintiff's
19 compliance with § 379, the Court does not find the same situation here.[8]

20 Even if this Court were not completely satisfied that CPMC was properly joined in
21 the first instance, fraudulent misjoinder would still not be appropriate. First, the Court
22 could remand so that Plaintiff be permitted an additional opportunity to amend his
23 complaint. This would be consistent with California law. *See Landau*, 4 Cal. 3d at 905;
24 *Umamoto*, 2013 WL 2084475, at *5. Second, where it is unclear whether CPMC was

---

[8] Bard's Master Answer also contains a number of affirmative defenses which suggest that CPMC is a proper party in this case. *See* Doc. 366 at 44, ¶ 2 (negligence of others as sole proximate cause); ¶ 6 (damages caused by others); 45, ¶ 11 (others caused or contributed damages); 46, ¶ 18 (physicians acted as sophisticated purchasers); ¶ 19 (independent knowledge of risks by others was intervening and superseding cause); 47, ¶ 25 (contributory or comparative negligence); 51, ¶ 52 (failure to join necessary parties).

- 12 -

properly joined under California's permissive joinder statute, remand would still be appropriate to give effect to the strong presumption against removal, which requires that all doubt be resolved against the exercise of federal court jurisdiction. *Gaus*, 980 F.2d at 566; *see* 28 U.S.C. § 1447(c).

Bard cites several cases for the proposition that courts "have found that medical malpractice and product liability claims do not arise out of the same transaction or occurrence." Doc. 887 at 9-10 (citing *In re Guidant Corp., Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 1708, 2007 WL 5377783, at *5-6 (D. Minn. June 4, 2007); *Stone v. Zimmer, Inc.*, No. CV09-80252, 2009 WL 1809990, at *4 (S.D. Fla. June 25, 2009); *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2003 WL 21276425, at *1-2 (S.D.N.Y. June 2, 2003)). Although Bard correctly notes that these claims do not always arise from the same transaction or occurrence, that does not mean that these claims could never be sufficiently related. *See, e.g.*, *Watson*, 2011 WL 2160924, at *4 ("Unlike *Tapscott*, the instant case does not involve two distinct classes that have 'no real connection' to each other. To the contrary, there is only one plaintiff whose claims arise from adverse reactions she suffered allegedly as a result [of] the Healthcare Defendants' administration of a medication produced by fellow defendant Novartis. Though there may be some factual and legal issues that may bear uniquely upon each Defendant's liability, it is readily apparent that an interrelationship exists between the Defendants in this case that was absent in *Tapscott*."); *Snyder v. Davol, Inc.*, No. CV-07-01081-ST, 2008 WL 113902, at *8 (D. Or. Jan. 7, 2008) ("The hub of the wheel driving plaintiffs' claims is a medical device. Its design, manufacture, distribution, sale, implantation, catastrophic failure, and recall present a series of related transactions and occurrences. Oregon law will require the factfinder to compare the relative fault of each party who had a hand in those occurrences and evaluate the damages, if any, flowing from each party's involvement. . . . [T]his court concludes that plaintiffs have properly joined the claims against defendants Davol and Bard with those against defendant Legacy, making procedural misjoinder inapplicable.").

Bard cites *Sutton*, 251 F.R.D. at 504, for the proposition that fraudulent misjoinder is particularly compelling in the context of multidistrict litigation. Doc. 887 at 6-7. The Court fully understands Bard's desire to remove a case from state court for consolidation in efficiency-promoting multidistrict litigation proceedings, but this substantial defense interest does not authorize the Court to exceed its limited subject matter jurisdiction. Moreover, courts in the Northern District of California have refused to apply the doctrine of fraudulent misjoinder in the multidistrict litigation context despite this substantial interest. *Lopez*, 2013 WL 5367723, at *4-6; *Watson*, 2011 WL 2160924, at *1, 3-4.

Finally, the Court must consider the proper remedy. Bard alternatively asks this Court to sever and remand Plaintiff's claims against CPMC under Federal Rule of Civil Procedure 21. Doc. 887 at 12-13. Courts can sever and remand claims against non-diverse defendants when the test for permissive joinder has not been satisfied, i.e., when fraudulent misjoinder has occurred. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.") (citations omitted); *see also Sutton*, 251 F.R.D. at 507 (severing and remanding claims against fraudulently misjoined non-diverse parties); *Greene*, 344 F. Supp. 2d at 685 (same). Bard, however, has not identified any case where a court severed and remanded claims against non-diverse defendant after concluding that no fraudulent misjoinder had occurred. Moreover, a court's use of Federal Rule of Civil Procedure 21 presumes that the court has subject matter jurisdiction over the claims. Given that CPMC was not fraudulently misjoined, the Court lacks diversity jurisdiction and the proper remedy is to remand the case to San Francisco County Superior Court.

### 4. Plaintiff's Request for Attorneys' Fees.

Plaintiff seeks to recover attorneys' fees associated with securing remand. Doc. 603 at 19. The decision to award attorneys' fees "should turn on the reasonableness of the removal," and an award is proper "under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree*

- 14 -

*Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The Court cannot conclude that Bard lacked an objectively reasonable basis for removal. Although the Ninth Circuit has not yet adopted the doctrine of fraudulent misjoinder, neither has it rejected the doctrine. The Court finds that Bard has made reasonable, good faith arguments in support of its removal, and will not award fees. *See Dent v. Lopez*, No. CV14-00442-LJO-SMS, 2014 WL 3838837, at *3 (E.D. Cal. July 30, 2014).

    **B.**    **CPMC's motion to dismiss, or, alternatively, to remand to state court.**

Because there is no complete diversity between the parties, the Court lacks subject matter jurisdiction to resolve CPMC's motion to dismiss. This is a matter for the California state court.

**IT IS ORDERED**:

1. Plaintiff's motion to remand (Doc. 603) is **granted**.
2. Defendant's motion to dismiss, or, in the alternative to remand (Doc. 870) is **granted in part** and **denied in part** as set forth above.
3. The Clerk of the Court shall remand this case to the San Francisco County Superior Court.

Dated this 4th day of May, 2016.

_____
David G. Campbell
United States District Judge